UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF
PENNSYLVANIA

ROBERT BOGLE,

      **Plaintiff,**

V.

Case No.   2:21-cv-319

JD TECHNOLOGIES, INC. and
RADIATOR SPECIALTY COMPANY, INC.,

      **Defendants,**

## COMPLAINT
## JURY TRIAL DEMANDED

AND NOW Plaintiff Robert Bogle, through Attorney David A. Colecchia, Esq., files the within Complaint against JD Technologies, Inc., and Radiator Specialty Company, Inc.  In support of the Complaint, the Plaintiff avers the following:

**1)**      This Court has jurisdiction to hear this matter based upon diversity of citizenship as the parties hereto are citizens of diverse states and the amount in controversy exceeds $75,000.  **28 U.S.C. § 1332**.

**2)**      The Plaintiff, Robert Bogle, at all material times hereto resided at 140 GuermierRoad, Loyalhanna, Pennsylvania 15661,

**3)**      The Defendant JDS Technologies, Inc. (hereinafter "JDS"), is a corporation whose principal place of business is located at1299 Airport Road, Oneida, Tennessee 37841.

**4)**      At all material times JDS engaged in the design, manufacture, assembly, marketing, advertising, drafting of product literature and labeling, and/or

1

distribution, and sale of rubber straps commercially labeled and/or trademarked as a "Hold-Zit" or tie down strap, which injured the Plaintiff.

5)      The Defendant has at all material times engaged in continuous and systematic business in the Commonwealth of Pennsylvania with sufficient "contacts" within the Commonwealth of Pennsylvania to confer jurisdiction upon Defendant JDS.

6)      The Commonwealth of Pennsylvania has jurisdiction over JDS because JDS sold and distributed and/or placed its product, the "Hold-Zit" strap, to the general public and into the chain of commerce in Pennsylvania.

7)      It is this "Hold-Zit" strap that failed and caused the Plaintiff severe personal injuries in Pennsylvania.

8)       The Defendant Radiator Specialty Company (hereinafter "RSC"), is a corporation whose principal place of business is 600 Radiator Road, Building 8, Indian Trail,North Carolina 28079.

9)      Defendant RSC at all material times engaged in the design, manufacture, assembly, marketing, advertising, drafting and promulgation of product literature and labeling and/or of distribution and/or sale of the "Hold-Zit" strap which injured the Plaintiff.

10)      Defendant RSC has at all material times engaged in continuous and systematic business within the Commonwealth and with sufficient "contacts" within the Commonwealth of Pennsylvania to confer jurisdiction upon RSC.

11)      The Commonwealth of Pennsylvania has jurisdiction over RSC because RSC also sold distributed and/or placed its product, the "Hold-Zit" strap, to the

2

general public and into the chain of commerce in Pennsylvania.

**12)** It is this "Hold-Zit" strap that failed and caused the Plaintiff severe personal injuries in Pennsylvania.

**13)** Defendant, JDS manufactured the "Hold-Zit" strap for RSC.

**14)** JDS and RSC, acting together and in concert, sold the "Hold-Zit" strap to the general public and placed it into the stream of commerce.

**15)** The Defendants expressly warranted and guaranteed the "Hold-Zit" strip for life.

**16)** Robert Bogle came into possession of one of Defendants' "Hold-Zit" straps, which he used.

**17)** On March 22, 2019, the Plaintiff, Robert Bogle, suffered traumatic injuries while using the Defendants' Hold-Zit strap because the Defendant's strap unexpectedly and traumatically failed and broke.

**18)** These injuries occurred when the Defendants' strap broke, during the foreseeable, regular, common, and accepted use of the strap by Plaintiff.

**19)** Upon failing and breaking, the Defendants' strap whipped backwards and struck the Plaintiffs eye and face at a high velocity causing severe and permanent injuries to his face and right eye.

**20)** These injuries include, and are not limited to, the following:

(a) the loss of his right eyeball;

(b) permanent visual loss and blindness;

(c) facial and eye orbit fractures;

(d) a concussion; and

(e) other severe traumatic damage to his face and appearance.

3

**21)** As a further result of the traumatic failure of Defendants' Hold-Zit strap, the Plaintiff suffered major, severe, continuing and permanent depression and other physical, emotional, and mental injuries, harm, and damages, all due to the unexpected and proximate failure of the Defendants' defective and unreasonably dangerous product.

**22)** As a further result of the above, the Plaintiff incurred enormous bills for surgeries,hospitalizations, and medical treatment.

**23)** Plaintiff is expected to incur further, continuing, costly medical treatment for the rest of his life, all to his great detriment and loss.

**24)** Plaintiff suffered and continues to suffer a permanent loss of income, earnings, and earning capacity as the result of the failure of the Defendants' defective and unreasonably dangerous product.

**25)** The failure of the defective "Hold-Zit" strap caused impairment and the demise of the Plaintiffs joys of living in all aspects.

**26)** Robert Bogle, in addition to the above injuries and damages, has suffered and will suffer continuing damage for the rest of his life, including but not limited to physical pain, emotional suffering and depression, and, embarrassment as a result of the Defendants' defective product.

## COUNTS

**27)** Each Count set forth below specifically incorporates by reference hereinParagraphs 1 through 26 above, previously hereinabove set forth.

4

## COUNT I: ROBERT BOGLE V. JDS TECHNOLOGIES: RULE 402A STRICT LIABILITY FOR AN UNREASONABLYDANGEROUS AND DEFECTIVE PRODUCT

**28)** The Defendant corporation, JDS, is strictly liable to compensate the Plaintiff for all of the harm, pain, suffering, and all damages, past, present and future as a result of JDS' design, manufacture, distribution, and/or sale of the unreasonably dangerous and defective "Hold-Zit" strap which injured the Plaintiff as the law provides in Rule 402A Strict Liability.

## COUNT II: ROBERT BOGLE V. JDS TECHNOLOGIES:BREACH OF EXPRESS WARRANTIES

**29)** Defendant JDS marketed its product, the "Hold-Zit" strap, as having a lifetime warranty and lifetime guarantee.

**30)** The applicable law imposes upon the Defendant an obligation to have expressly warranted, with respect to its strap, that it is fit and reasonably safe for the particular purpose(s) which it was sold to accomplish.

**31)** Defendant JDS breached these express warranties and/or guarantees because its "Hold-Zit" strap failed.

**32)** Defendant breached these express warranties or guarantees because its product was unsafe, not of merchantable quality,and unfit for its intended uses and purposes.

**33)** As the direct and proximate result of such failure and breach the Plaintiff suffered traumatic injuries and damages.

**34)** The Defendant corporation, JDS, is liable to compensate the Plaintiff for all the harm, pain, suffering, and all damage, past, present and future, as a result of JDS' breach of express warranty and guarantee.

## COUNT III. ROBERT BOGLE v. JDS TECHNOLOGIES: BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

**35)** The applicable law imposed upon the Defendant an obligation to have impliedly warranted, with respect to its "Hold-Zit" strap, that it was merchantable, fit for its foreseeable and intended uses, and reasonably safe.

**36)** At all times relevant to this complaint Plaintiff's use of the strap was as intended by the Defendant and foreseeable.

**37)** Defendant breached this implied warranty of merchantability because said strap failed and broke.

**38)** The strap was unsafe, not of merchantable quality, and unfit for its intended uses and purposes because it failed.

**39)** Plaintiff suffer the aforesaid injuries and damages as the direct and proximate result of Defendant's breach of said implied warranties imposed by law because the strap failed and broke.

**40)** The Defendant corporation, JDS, is liable to compensate the Plaintiff for all of the harm, pain, suffering and damages, past, present and future as a result of JDS' breach of the implied warranty of merchantability.

6

## COUNT IV:  ROBERT BOGLE V. JDS TECHNOLOGIES:
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR
## PURPOSE

**41)**     The applicable law imposes upon the Defendant corporation an obligation to impliedly warrant the product's fitness for the particular purpose that it was designed, marketed, manufactured, and sold to accomplish.

**42)**     The Plaintiffs use of the "Hold-Zit" strap was as intended by the manufacturer and was foreseeable.

**43)**     The Defendant breached this implied warranty of fitness for a particular purpose because the strap failed and broke during its intended and foreseeable use by the Plaintiff.

**44)**     The "Hold-Zit" strap is not of merchantable quality, it is not safe and it is not fit for the intended and particular purpose(s) for which it is designed, advertised, and sold and placed into the stream of commerce because it failed and caused the Plaintiffs injuries.

**45)**     The Defendant corporation, JDS Technologies, is liable to compensate the Plaintiff for all of the harm, pain, suffering, and all damage, past, present and future, as a result of JDS Technologies' breach of implied warranty of fitness for a particular purpose.

## COUNT V: ROBERT BOGLE v. JDS
## UNFAIR TRADE PRACTICES

46) The actions of the Defendants in this case constitute a violation of

**Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201.1 et seq.**

47) The Defendants violated the **Unfair Trade Practices and Consumer Protection Law** because it represented guaranteed and warranted the strap had a lifetime warranty.

48) The Defendant represented and/or knowingly acquired and benefited by the publication and promulgation to the general public and Plaintiff the strap was able to be used as a tie down and would not break or fracture no matter the age and condition of the strap.

49) This misrepresentation by the Defendants constitutes an unfair method of competition and unfair or deceptive act or practice within the meaning of **73 PA.C.S.A. §§201-2(4)(v) and 201-2(4)(v)(ii).**

50) The Plaintiff suffered ascertainable and traumatic injuries and damages as set forth above as the result of the Defendants use or employment of these unfair methods of competition and/or deceptive acts or practices.

## COUNT VI: ROBERT BOGLE V. RSC:
## RULE 402A STRICT LIABILITY FOR AN UNREASONABLY
## DANGEROUS AND DEFECTIVE PRODUCT

51) The Defendant corporation, RSC, is strictly liable to compensate the Plaintiff for all of the harm, pain, suffering, and all damages, past, present and future as a result of RSC's design, manufacture, distribution, and/or sale of the unreasonably dangerous and defective "Hold-Zit" straps, which injured the Plaintiff as the law provides in **Rule 402A Strict Liability.**

8

## COUNT VII:  ROBERT BOGLE V. RSC
## BREACH OF EXPRESS WARRANTY

**52)**     Defendant RSC marketed its product, and the "Hold-Zit" strap, as having a lifetime warranty and lifetime guarantee.

**53)**     The applicable law imposes upon the Defendant an obligation to have expressly warranted, with respect to its strap, that it is fit and reasonably safe for the particular purpose(s) which it was sold to accomplish.

**54)**     Defendant RSC breached these express warranties and/or guarantees because its "Hold-Zit" strap failed.

**55)**     Defendant RSC breached these express warranties or guarantees because its product was unsafe, not of merchantable quality,and unfit for its intended uses and purposes.

**56)**     As the direct and proximate result of such failure and breach the Plaintiff suffered traumatic injuries and damages.

**57)**     The Defendant corporation, RSC, is liable to compensate the Plaintiff for all the harm, pain, suffering, and all damage, past, present, and future, as a result of RSC's breach of express warranty and guarantee.

## COUNT VIII. ROBERT BOGLE v. RSC:
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

**58)**     The applicable law imposed upon the Defendant an obligation to have impliedly warranted, with respect to its "Hold-Zit" strap, that it was merchantable, fit for its foreseeable and intended uses, and reasonably safe.

**59)**     At all times relevant to this complaint Plaintiff's use of the strap was as intended by the Defendant and foreseeable.

9

**60)**    Defendant breached this implied warranty of merchantability because said strap failed and broke.

**61)**    The strap was unsafe, not of merchantable quality, and unfit for its intended uses and purposes because it failed.

**62)**    Plaintiff suffer the aforesaid injuries and damages as the direct and proximate result of Defendant's breach of said implied warranties imposed by law because the strap failed and broke.

**63)**    The Defendant corporation, RSC, is liable to compensate the Plaintiff for all of the harm, pain, suffering and damages, past, present, and future as a result of RSC's breach of the implied warranty of merchantability.

**COUNT IX:  ROBERT BOGLE V. RSC**
**BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**

**64)**    The applicable law imposes upon the Defendant corporation an obligation to impliedly warrant the product's fitness for the particular purpose that it was designed, marketed, manufactured, and sold to accomplish.

**65)**    The Plaintiffs use of the "Hold-Zit" strap was as intended by the manufacturer and was foreseeable.

**66)**    The Defendant breached this implied warranty of fitness for a particular purpose because the strap failed and broke during its intended and foreseeable use by the Plaintiff.

**67)**    The "Hold-Zit" strap is not of merchantable quality, it is not safe and it is not fit for the intended and particular purpose(s) for which it is designed, advertised, and sold and placed into the stream of commerce because it failed and caused the Plaintiff's injuries.

**68)** The Defendant corporation, JDS Technologies, is liable to compensate the Plaintiff for all of the harm, pain, suffering, and all damage, past, present and future, as a result of JDS Technologies' breach of implied warranty of fitness for a particular purpose.

## COUNT X:  ROBERT BOGLE v. RSC
## UNFAIR TRADE PRACTICES

**69)** The actions of Defendant RSC in this case constitute a violation of **Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201.1 et seq.**

**70)** The Defendant RSC violated the **Unfair Trade Practices and Consumer Protection Law** because it represented guaranteed and warranted the strap had a lifetime warranty.

**71)** Defendant RSC represented and/or knowingly acquired and benefited by the publication and promulgation to the general public and Plaintiff the strap was able to be used as a tie down and would not break or fracture no matter the age and condition of the strap.

**72)** This misrepresentation by Defendant RSC constitutes an unfair method of competition and unfair or deceptive act or practice within the meaning of  **73 PA.C.S.A. §§201-2(4)(v) and 201-2(4)(v)(ii).**

**73)** The Plaintiff suffered ascertainable and traumatic injuries and damages as set forth above as the result of the Defendant RSC use or employment of these unfair methods of competition and/or deceptive acts or practices.

WHEREFORE, upon counts one through four and six through nine inclusive the Plaintiff prays judgment and damages from the Defendants herein jointly and severally in a sum to be determined by this Honorable Court, with a jury sitting, plus such interest, costs, and other relief as this Honorable Court shall deem just and proper, and for counts five and ten, a judgment against the Defendants for damages not less than $100 in addition to costs and attorney's fees. **73 P.S. §201-9.2.**

Respectfully submitted, Attorney
for the Plaintiff,

s/David A. Colecchia
David Colecchia, Esq.
David A Colecchia and Associates
324 South Maple Ave.
Greensburg, PA 15601
(724)-837-2320
Fax (724)-837-0602
Email:  colecchia542@comcast.net

DATED:March\_\_