IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

ROBERT BOGLE,

    Plaintiff,

vs.

JD TECHNOLOGIES, INC., RADIATOR SPECIALTY COMPANY, INC.,

    Defendants,

2:21-CV-00319-MJH

OPINION

Plaintiff, Robert Bogle, brings claims for Strict Liability under 402A, Breach of Express Warranties, Breach of Implied Warranty of Merchantability, Breach of Implied Warranty of Fitness for a Particular Purpose, and Unfair Trade Practices alleging that he was injured by Defendants' product. (ECF No. 1). Defendants moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6). (ECF Nos. 8 and 11). The matter is now ripe for consideration.

Upon consideration of Mr. Bogle's Complaint (ECF No. 1), Defendants' Motions to Dismiss (ECF No. 8 and 11), the respective briefs and responses of the parties (ECF Nos. 9, 12, 24-26 and 29-30), and for the following reasons, Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) will be denied, and Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) will be granted. Mr. Bogle will be granted leave to amend.

**I.    Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2)**

    A.  Relevant Background

Mr. Bogle filed the instant action arising from injuries he allegedly sustained from a rubber strap designed, manufactured, assembled, sold, and distributed by Defendants, JD Technologies Inc. and Radiator Specialty Company, Inc (RSC). (ECF No. 1 at ¶¶ 4,9). JDS is a

corporation with a principal place of business in Oneida, Tennessee. *Id*. at ¶ 3. RSC is a corporation with a principal place of business in Indian Trail, North Carolina. *Id*. at ¶ 8. Mr. Bogle avers that both JDS and RSC have engaged in continuous and systematic business within Pennsylvania and with sufficient "contacts" within Pennsylvania to confer jurisdiction. *Id*. at ¶¶ 5, 10. He also alleges that Pennsylvania has jurisdiction over JDS and RSC because they sold and distributed and/or placed their product, the "Hold-Zit" strap, to the general public and into the chain of commerce in Pennsylvania. *Id*. at ¶¶ 6, 11.

In a declaration submitted by RSC, it asserts that it is a company organized and existing under the laws of the State of North Carolina and with its principal place of business in North Carolina. (ECF No. 9-1 at ¶¶ 4-5). Similarly, JDS submitted a declaration where it asserts that it is a company organized and existing under the laws of the State of Tennessee and with its principal place of business in Tennessee. (ECF No. 12 at p. 21, ¶¶ 4-5). From Both RSC and JDS's inspection of provided photographs, they assert that the subject strap was manufactured by JDS Technologies in the State of Tennessee and shipped to RSC in North Carolina. (ECF Nos. 9-1 at *Id*. at ¶ 6 and 12 at p. 21, ¶6). RSC and JDS also maintain that the Complaint does not include information on how the subject strap reached Pennsylvania or how, where, or when Mr. Bogle came to possess the strap. (ECF Nos. 9-1 at *Id*. at ¶ 7 and 12 at p. 22, ¶9). In their declarations, RSC and JDS deny that they are registered to do business in Pennsylvania or that they maintain a registered office in Pennsylvania. (ECF Nos. 9-1 at *Id*. at ¶¶ 8-9 and 12 at p. 22, ¶¶ 8-9 (misnumbered)). RSC and JDS also assert that they do not own, lease, rent, possess, operate, or otherwise have an interest in any real property within Pennsylvania, nor do they maintain any inventory or equipment in Pennsylvania. (ECF Nos. 9-1 at *Id*. at ¶10 and 12 at p. 22, ¶10 (misnumbered)). RSC and JDS maintain they do not have any employees, do not

maintain any corporate records, and do not have any offices, warehouses, or plants located in Pennsylvania. (ECF Nos. 9-1 at *Id*. at ¶¶ 11-13 and 12 at p. 22, ¶¶ 11-13 (misnumbered)).

Mr. Bogle has submitted documents that, contrary to both JDS and RSC's declaration, they are both registered as foreign businesses in Pennsylvania . (ECF Nos. 24-6 and 24-7). In response, RSC concedes that its prior representation regarding registration in Pennsylvania was in error. (ECF No. 25 at p. 2). In its response, JDS did not dispute Mr. Bogle's submissions that it was also registered to do business in Pennsylvania. (ECF No. 26).

### B. Standard of Review

Federal Rule of Civil Procedure 12(b)(2) permits a party to move for dismissal of a pleading for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Whether personal jurisdiction may be exercised over an out-of-state defendant is a question of law for the court. *Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Products Co.*, 75 F.3d 147, 150 (3d Cir. 1996). The plaintiff bears the burden of establishing personal jurisdiction. *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007). A federal court may exercise personal jurisdiction over a non-resident defendant to the extent permissible under the law of the forum state. Fed. R. Civ. P. 4(k)(1)(A). Personal jurisdiction may be either general or specific, and both the quality and quantity of the necessary contacts differs according to which sort of jurisdiction applies. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 412, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

### C. Discussion

RSC and JDS argue that they are not subject to general jurisdiction because neither are headquartered or incorporated in Pennsylvania. RSC, and JDS by joinder, contends that, despite its business registration in Pennsylvania, the exercise of general-jurisdiction-by-corporate

-registration is unconstitutional. Mr. Bogle maintains that prevailing case law holds that a foreign jurisdiction consents to jurisdiction when it registers its business under Pennsylvania's corporate registration statute.

General jurisdiction may be asserted over a defendant even when the cause of action has no relation to the defendant's contacts with the forum if the defendant's " 'affiliations with the [s]tate are so 'continuous and systematic' as to render them essentially at home in the forum [s]tate.' " *Daimler AG v. Bauman*, 571 U.S. 117, 128 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 920 (2011)).

Under Pennsylvania's jurisdictional statute, consent may also serve as a basis for jurisdiction:

> (a) The existence of any of the following relationships between a person and this Commonwealth shall constitute a sufficient basis for jurisdiction to enable the tribunals of this Commonwealth to exercise general personal jurisdiction over such person, or his personal representative in the case of an individual, and to enable such tribunals to render personal orders against such person or representative:
>  ....
> (2) Corporations.—
> > (i) Incorporation under or qualification as a foreign corporation under the laws of this Commonwealth.
> > (ii) Consent, to the extend authorized by the consent.
> > (iii) The carrying on of a continuous and systematic part of its general business within this Commonwealth.

42 Pa.C.S. § 5301(a)(2). Since 1991, the Third Circuit has held that business registration under § 5301 was a sufficient basis for Pennsylvania courts to exercise personal jurisdiction over a company. *Bane v. Netlink, Inc.*, 925 F.2d 637, 641 (3d Cir. 1991). In its analysis, *Bane* noted that "[c]onsent is a traditional basis for assertion of jurisdiction long upheld as constitutional." *Id*. Defendants contend that Pennsylvania's jurisdictional statute violates its Due Process rights by expanding the scope of "general personal jurisdiction" beyond the holdings of *Daimler*. Defendants also argue that *Bane* is no longer good law given the pronouncements in *Daimler*.

4

A majority of district courts within the Third Circuit who have considered the constitutionality of the consent-by-registration statute have held that it validly confers general personal jurisdiction upon defendants.[1] As one such court observed, despite *Daimler*'s holding, the Supreme Court "did not address 'the interplay between consent to jurisdiction and the due process limits of general jurisdiction.' " *Kraus v. Alcatel-Lucent*, 441 F. Supp. 3d 68, 75 (E.D. Pa. 2020) (quoting *Plumbers' Local Union No. 690 Health Plan v. Apotex Corp.*, Civ. A. No. 16-665, 2017 WL 3129147, at *11 (E.D. Pa. Jul. 24, 2017)). And just a few years prior to *Daimler*, The Supreme Court indicated that "[a] person may submit to a State's authority in a number of ways.... [including] explicit consent." *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011).

Despite Defendants' contentions that Supreme Court jurisprudence has evolved on personal jurisdiction and other jurisdictions have struck consent-by-registration statutes, *Bane* still controls. Unless and until either the Third Circuit, United States Supreme Court, or the Pennsylvania Supreme Court[2] holds to contrary, this Court will not depart from *Bane*'s holding.

---

[1] See e.g. *Healthcare Servs. Grp., Inc. v. Moreta*, Civ. A. No. 19-2260, 2019 WL 6117353, at *6 (E.D. Pa. Nov. 15, 2019); *Sciortino v. Jarden, Inc.*, 395 F. Supp. 3d 429, 438 (E.D. Pa. 2019); *Williams v. Takeda Pharm. Am., Inc.*, Civ. A. No. 18-4774, 2019 WL 2615947, at *3 (E.D. Pa. June 26, 2019); *Aetna Inc. v. Kurtzman Carson Consultants, LLC*, Civ. A. No. 18-470, 2019 WL 1440046, at *4–6 (E.D. Pa. Mar. 29, 2019); *Gorton v. Air & Liquid Sys. Corp.*, Civ. A. No. 1:17-1110, 2019 WL 757945, at *5–6 (M.D. Pa. Feb. 20, 2019); *Youse v. Johnson & Johnson*, Civ. A. No. 18-3578, 2019 WL 233884, at *3–4 (E.D. Pa. Jan. 16, 2019); *Shipman v. Aquatherm L.P.*, Civ. A. No. 17-5416, 2018 WL 6300478, at *2 (E.D. Pa. Nov. 28, 2018); *Aetna Inc. v. Mednax, Inc.*, Civ. A. No.18-2217, 2018 WL 5264310, at *4–5 (E.D. Pa. Oct. 23, 2018); *Mendoza v. Electrolux Home Prod., Inc.*, No. 4:17-CV-02028, 2018 WL 3973184, at *3–4 (M.D. Pa. Aug. 20, 2018); *Allstate Ins. Co. v. Electrolux Home Prod*, No. 5:18-CV-00699, 2018 WL 3707377, at *4-5 (E.D. Pa. Aug. 3, 2018); *Gorton v. Air & Liquid Sys. Corp.*, 303 F. Supp. 3d 278, 298 (M.D. Pa. 2018); *Plumbers' Local Union No. 690 Health Plan v. Apotex Corp.*, Civ. A. No. 16-665, 2017 WL 3129147, at *11 (E.D. Pa. July 24, 2017); *Bors v. Johnson & Johnson*, 208 F. Supp. 3d 648, 655 (E.D. Pa. 2016).

[2] The Pennsylvania Supreme Court is currently considering whether 42 Pa.C.S. § 5301(a)(2)(i) is constitutional. *See Mallory v. Norfolk S. Ry. Co.*, No. 802 EDA 2018, 2020 Pa. Super. Unpub. LEXIS 3425 (Pa. Super. Ct. Oct. 30, 2020). The case is docketed at the Pennsylvania Supreme Court as No. 3 EAP 2021.

Here, the submissions by the parties do not dispute that both JDS and RSC registered as foreign businesses pursuant to Pennsylvania's registration statute. Therefore, because Pennsylvania's foreign business consent statute is enforceable under *Bane*, the Court may maintain general jurisdiction over both Defendants. Because the general jurisdiction analysis is dispositive, the Court need not undertake a specific jurisdiction analysis.

Accordingly, Defendants' Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2), for lack of personal jurisdiction, will be denied.

**II.     Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)**

A. Background

Mr. Bogle alleges that he "came into possession" and used one of Defendants' "Hold-Zit" straps. (ECF No. 1 at ¶ 16). On March 22, 2019, Mr. Bogle alleges he suffered injuries while using the Hold-Zit strap when it unexpectedly failed and broke. *Id*. at ¶ 17. Mr. Bogle avers that Defendants expressly warranted and guaranteed the Hold-Zit strip for life. *Id*. at ¶ 15. Mr. Bogle also avers that Defendants are strictly liable as a result of Defendants' design, manufacture, distribution, and/or sale of the unreasonably dangerous and defective "Hold-Zit" strap. *Id*. at ¶¶ 28, 51.

In their Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Defendants argue that Mr. Bogle's claims for strict liability (Counts I and VI), breaches of express warranty (Counts II and VII), breaches of implied warranty of merchantability(Counts III and VIII), breaches of implied warranty of fitness for a particular purpose (IV and IX), and claims under the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL) (V and X) are precluded under Pennsylvania law and/or are inadequately pleaded.

B. Standard of Review

When reviewing a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir.2009) (quoting *Graff v. Subbiah Cardiology Associates, Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir.2016) ("Although a reviewing court now affirmatively disregards a pleading's legal conclusions, it must still . . . assume all remaining factual allegations to be true, construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them.") (citing *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n. 1 (3d Cir.2014)).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion School District*, 132 F.3d 902, 906, n. 8 (3d Cir.1997). The primary question in deciding a motion to dismiss is not whether the Plaintiff will ultimately prevail, but rather whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir.2000). The purpose of a motion to dismiss is to "streamline [ ] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326–327, (1989).

When a court grants a motion to dismiss, the court "must permit a curative amendment unless such an amendment would be inequitable or futile." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (internal quotations omitted). Further, amendment is inequitable where there is "undue delay, bad faith, dilatory motive, [or] unfair prejudice." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Amendment is futile "where an amended complaint 'would fail to state a claim upon which relief could be granted.' " *M.U. v. Downingtown High Sch. E.*, 103 F. Supp. 3d 612, 631 (E.D. Pa. 2015) (quoting *Great Western Mining & Mineral Co.*, 615 F.3d at 175).

C. Discussion

1.  Strict Liability

Defendants argue that, due to the sparse allegations in the Complaint, they cannot discern which theory or theories under Restatement (Second) of Torts Section 402A that Mr. Bogle is pursuing. They also maintain that, even under a design defect or manufacturing defect theory of strict liability, Mr. Bogle's Complaint fails to allege sufficient facts to support the elements of any 402A claim. Mr. Bogle maintains that his Complaint provides sufficient "notice" of the

causes of action brought against Defendants. He further supports this contention by indicating that he forwarded emails, letters, liability expert reports, and exhibits to the Defendants pre-suit.

Before discussing the governing law and elements of strict liability, this Court would note that it may not consider allegations raised for the first time in a plaintiff's opposition to a motion to dismiss. *See Pennsylvania ex rel Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Therefore, on a motion to dismiss, the Court must ignore any allegations that do not appear in the Complaint. As to strict liability, Mr. Bogle offers a single paragraph against each Defendant, which states:

> [Defendants are] strictly liable to compensate the Plaintiff for all of the harm, pain, suffering, and all damages, past, present and future as a result of JDS's [and RSC's] design, manufacture, distribution, and/or sale of the unreasonably dangerous and defective "Hold-Zit" strap which injured the Plaintiff as the law provides in Rule 402A Strict Liability.

(ECF No. 1 at ¶¶ 28 and 51).

Pennsylvania product-liability law remains governed by the Restatement (Second) of Torts, § 402A ("Section 402A"). *Tincher v. Omega Flex, Inc.*, 104 A.3d 328, 399 (Pa. 2014). Under Section 402A, "a plaintiff must show that the (1) product was defective, (2) the defect proximately caused the plaintiff's injury, and (3) the defect existed at the time the product left the defendant's control." *Nathan v. Techtronic Indus. N. Am., Inc.*, 92 F. Supp. 3d 264, 269 (M.D. Pa. 2015) (citation omitted). "A plaintiff may establish a 'defective condition [in one of three ways]. . . by proving either [1] a manufacturing defect, [2] a design defect, or [3] a failure-to-warn defect.'" *Wallace v. Boston Scientific Corp.*, No. 3:18-cv-1839, 2018 WL 6981220, at *6 (M.D. Pa. Nov. 29, 2018) (quoting *Smith v. Howmedica Osteonics Corp.*, 251 F. Supp. 3d 844, 847 (E.D. Pa. 2017)).

9

When evaluating the allegations in a complaint, a court is free to ignore legal conclusions or factually unsupported accusations that merely state, "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Here, Mr. Bogle's arguments on notice pleading are unavailing. The notice pleading standard in federal court has evolved under *Twombly* and *Iqbal*, and the pleader must be mindful of those changes. Moreover, allegations cannot be buttressed through briefing and attachments. A complaint is the operative document that governs the pleading stages. Even under a more relaxed pre-*Twombly/Iqbal* standard, notice is absent here. While Mr. Bogle has certainly named a cause of action and an alleged injury, the Complaint does not place the defendants on notice on which strict liability theory or theories that he will pursue. Therefore, Mr. Bogle has not adequately pleaded a claim for strict liability, which describes the legal theory and supporting factual allegations for the elements of those theories. Given the lengths that Mr. Bogle has undergone, both pre-Complaint and in his briefing, to refute Defendants' contentions here, leave to amend will be appropriate.

Accordingly, Defendants' Motions to Dismiss, as regards Mr. Bogle's strict liability claims (Counts I and VI), will be granted. Mr. Bogle will be granted leave to amend.

2. Express Warranty

Defendants next argue that Plaintiff's breaches of express and implied warranties fail as a matter of law because he did not purchase the subject product. Mr. Bogle has not responded specifically to the legal arguments set forth in Defendants' motions. Instead, Mr. Bogle only offered an extrinsic affidavit in response. As discussed above, the Court will ignore any allegations or evidence not appearing in the Complaint.

Under Pennsylvania's Commercial Code,

Express warranties by the seller are created as follows:

(a) any affirmation of fact or promise made **by the seller to the buyer** which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

13 Pa.C.S.A. § 2313 (emphasis supplied). "To create an express warranty, the seller must expressly communicate the terms of the warranty to the buyer in such a manner that the buyer understands those terms and accepts them." *Goodman v. PPG Industries, Inc.*, 849 A.2d 1239, 1243 (Pa. Super. 2004), aff'd, 885 A.2d 982 (Pa. 2005). A party who did not purchase a product directly from the manufacturer may only enforce an express warranty "under circumstances where an objective fact-finder could reasonably conclude that: (1) the party issuing the warranty intends to extend the specific terms of the warranty to the third party (either directly, or through an intermediary); and (2) the third party is aware of the specific terms of the warranty, and the identity of the party issuing the warranty." *Xia Zhao v. Skinner Engine Co.*, No. 2:11-cv-07514-WY, 2012 WL 5451817, at *10 (E.D. Pa. Nov. 8, 2012) (quoting *Goodman*, 849 A.2d at 1243).

Here, Mr. Bogle has not alleged in his Complaint, which is the only operative document before the Court on a motion to dismiss, that he purchased a "Hold Zit" strap. He has alleged that he "came into possession" of it. (ECF No. 1 at ¶ 16). Such allegation is insufficient to establish that Mr. Bogle was either a buyer or would fall within the exceptions enumerated above. Without sufficient allegations, Mr. Bogle cannot support a breach of express warranty claim.

Accordingly, Defendants, Motions to Dismiss, as regards Mr. Bogle's breaches of express warranty claims (Counts II and VII), will be granted. Mr. Bogle will be granted leave to amend.

3. Implied Warranty of Merchantability and Fitness for Particular Purpose

Defendants likewise argue that Mr. Bogle's Implied Warranty of Merchantability and Fitness for a Particular Purpose claims fail because he has not alleged that he purchased the subject product. Further, Defendants contend that Mr. Bogle's breach of implied warranty of fitness for a particular purpose fails because he has not alleged that he was using the subject product for anything other than its ordinary purpose. As above, Mr. Bogle has not responded specifically to the legal arguments set forth in Defendants' motions. Instead, Mr. Bogle only offered his extrinsic affidavit in response. As discussed above, the Court will ignore any allegations or evidence not appearing in the Complaint.

The Pennsylvania Commercial Code proscribes that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." 13 Pa.C.S. §2314 (emphasis supplied). The Code additionally provides that: where the seller at the time of contracting has reason to know: (1) any particular purpose for which the goods are required; and (2) that the buyer is relying on the skill or judgment of the seller to select or furnish suitable goods; there is…an implied warranty that the goods shall be fit for such purpose. 13 Pa.C.S. §2315 (emphasis supplied). "Both the implied warranty of merchantability and the warranty of fitness for a particular purpose arise by operation of law and serve to protect buyers from loss where the goods purchased are below commercial standards or are unfit for the buyer's purpose." *Altronics of Bethlehem, Inc. v. Repco, Inc.*, 957 F.2d 1102, 1105 (3d Cir. 1992). "The entire purpose behind the implied warranty sections of the Code is to hold the seller responsible when inferior goods are passed along to the unsuspecting buyer." *Vlases v. Montgomery Ward & Co.*, 377 F.2d 846, 850 (3d Cir. 1967).

With regard to fitness for a particular purpose, it has been observed:

> A "particular purpose" differs from the "ordinary purpose" for which the goods
> are used in that it envisages a specific use by the buyer which is peculiar to the
> nature of his business whereas the ordinary purposes for which goods are used are
> those envisaged in the concept of merchantability and go to uses which are
> customarily made of the goods in question.

*Gall by Gall v. Allegheny Cty. Health Dep't*, 555 A.2d 786, 790 (Pa. 1989).

Here, again, Mr. Bogle has not alleged that he purchased the Subject Product. The Complaint alleges no buyer or seller. Mr. Bogle only alleges that he "came into possession" of the Subject Product. He has also not alleged that he used the Subject Product for a non-ordinary purpose. Therefore, Mr. Bogle has not alleged facts that could lead to recovery under his claims for Breaches of Implied Warranties of Merchantability and/or Fitness for Particular Purpose.

Accordingly, Defendants, Motions to Dismiss, as regards Mr. Bogle's Breach of Implied Warranties of Merchantability and Fitness for Particular Purpose (Counts III, IV and VIII, IX), will be granted. Mr. Bogle will be granted leave to amend.

4. UTPCPL

Finally, Defendants contend that Mr. Bogle's UTPCPL claim fails because he has neither pleaded that he purchased or leased the subject product nor has he pleaded the requisite elements to state a claim for a private cause of action under the UTPCPL. Mr. Bogle has again not responded specifically to the legal arguments set forth in Defendants' motions and offered only extrinsic affidavit in response. The Court will again ignore any allegations or evidence not appearing in the Complaint.

The UPTCPL prohibits the following:

> (ii) Causing likelihood of confusion or of misunderstanding as to the source,
> sponsorship, approval or certification of goods or services; or
> …
> (v) Representing that goods or services have sponsorship, approval,
> characteristics, ingredients, uses, benefits or quantities that they do not have or

13

> that a person has a sponsorship, approval, status, affiliation, or connection that he does not have.

73 PA.C.S.A. §§201-2(4)(ii); 201-2(4)(v). A private cause of action may be brought under the UTPCPL by,

> **Any person who purchases or leases** goods or services primarily for by: personal, family or household purposes and thereby suffers any ascertainable loss of money or property real or personal as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act may bring a private action to recover actual damages or one hundred dollars ($100), whichever is greater.

73 PA.C.S.A. §§209-2(a) (emphasis added). "A private plaintiff pursuing a claim under the [UTPCPL] must prove justifiable reliance on the unlawful conduct, not merely that the wrongful conduct caused plaintiff's injuries." *Seldon v. Home Loan Services, Inc.*, 647 F. Supp. 2d 451, 465 (E.D. Pa. 2009) (quoting *Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 221 (3d Cir.2008)). "The Supreme Court of Pennsylvania has held that a plaintiff bringing an action under the UTPCPL must prove the common law fraud elements of reliance and causation with respect to all subsections of the UTPCPL." *Santana Prods, Inc. v. Bobrick Washroom Equip., Inc.*, 401 F.3d 123, 136 (3d Cir. 2005); (citing *Weinberg v. Sun Co., Inc.*, 777 A.2d 442, 446 (Pa. 2001)).

Here, again, Mr. Bogle has not alleged that he purchased or leased the Subject Product. Without such allegation, he cannot support a private cause of action under the UTPCPL. Furthermore, even had Mr. Bogle alleged that he purchased the subject product, the Complaint does not allege the requisite facts and elements, as outlined by the statute and case law above, to support a UTPCPL claim. Therefore, Mr. Bogle has not sufficiently alleged a UTPCPL claim.

Accordingly, Defendants, Motions to Dismiss, as regards Mr. Bogle's UTPCPL claims (Counts V and X), will be granted. Mr. Bogle will be granted leave to amend.

### III. Conclusion

Following consideration of Mr. Bogle's Complaint (ECF No. 1), Defendants' Motions to Dismiss (ECF No. 8 and 11), the respective briefs and responses of the parties (ECF Nos. 9, 12, 24-26 and 29-30), and for the foregoing reasons, Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) will be denied, and Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) will be granted. Mr. Bogle will be granted leave to amend. A separate order will follow.

DATED this 16th day of July, 2021.

BY THE COURT:

*[signature]*
MARILYN J. HORAN
United States District Judge